MICHAEL L. TUSKEN, ESQ. (SBN 175715)
LAW OFFICES OF MICHAEL L. TUSKEN
1510 W Whittier Blvd # 42
La Habra, CA 90631
TEL: (562) 365-9465
FAX: (562) 252-8529
EMAIL: Michael@TuskenLaw.com
Attorney for Plaintiff Sergio Botello-Rangel

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SERGIO BOTELLO-RANGEL, <br><br> Plaintiff, <br><br> v. <br><br> DAVID L. NEAL, Director, Executive Office for Immigration Review; HONORABLE JEROME M. ROTHSCHILD, JR., Immigration Judge; and STATE OF ARIZONA, <br><br> Defendants. | Case No. 5:23-cv-00090 <br><br> **COMPLAINT FOR:** <br><br> 1. **DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 *et seq.*** <br><br> 2. **VIOLATION OF DUE PROCESS UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION** <br><br> 3. **VIOLATION OF DUE PROCESS UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION** |

## INTRODUCTION

### STATEMENT OF CASE AND PARTIES

1.    Plaintiff SERGIO BOTELLO-RANGEL ("Plaintiff" or "Botello-Rangel") has been a lawful permanent resident of the United States since July 1, 2004. He presently resides in Romoland, California.

2.    In December 2013 the U.S. Department of Homeland Security ("DHS") initiated removal proceedings because Plaintiff had pled guilty in Arizona to conspiracy to transport marijuana for sale, a non-dangerous, non-repetitive class two felony.

3.    On November 1, 2017, the immigration judge found that Plaintiff was removable from the United States and ineligible for cancellation of removal because of the conviction.  On March 19, 2018, the immigration judge denied Plaintiff's Request for Certification by the Immigration Judge to the Board of Immigration Appeals and confirmed the finding that Plaintiff's criminal conviction was a "drug crime per se."

4.    Plaintiff's individual hearing is scheduled for January 19, 2023, at 8:30 a.m. before Defendant Honorable Jerome M. Rothschild, Jr., Immigration Judge, in Courtroom 16 of the Immigration Court located at 1241 E. Dyer Road, Suite 200, Santa Ana, CA 92705.

5.    Defendant DAVID L. NEAL is Director of the Executive Office for Immigration Review ("EOIR"), the federal agency responsible for adjudicating immigration cases by fairly, expeditiously, and uniformly interpreting and administering the United States' immigration laws.  Under delegated authority from the Attorney General of the United States, EOIR conducts immigration court proceedings, appellate reviews, and administrative hearings.

6.    Defendant STATE OF ARIZONA is a sovereign that caused the denial of Plaintiff's rights by issuance of the orders described herein.

## STATEMENT OF FACTUAL HISTORY
### Incident Leading to Arrest of Plaintiff

7.    On or about September 22, 2008, Plaintiff was driving a pickup truck on Interstate 40 ("I-40") in Navajo County, Arizona.  A highway patrol officer was

driving in a marked patrol car behind Plaintiff and followed him for several miles on the I-40. Plaintiff exited the interstate, and the officer continued to follow him onto the exit ramp. As soon as Plaintiff had exited the interstate, the officer turned on his vehicle's red and blue flashing lights indicating that Plaintiff must pull over, which he promptly did. One officer was in the vehicle that pulled Plaintiff over. He then asked for Plaintiff for my identification. Four additional officers arrived within a short time. At that point Plaintiff was placed inside the back of the first officer's vehicle. (*See* Declaration of Sergio Botello-Rangel ("Sergio Decl.") at ¶ 6)

8.    Without asking Plaintiff, without presenting a warrant, and without Plaintiff consenting to any officer for them to search his vehicle, the officers proceeded to dismantle a sealed fuel tank that was attached to the truck bed and remove it from the truck bed. It took the officers 45 minutes or more to dismantle and remove the tank from the truck bed. The officers found marijuana inside the sealed tank after they had removed it and then arrested Plaintiff. (Sergio Decl. at ¶ 7)

9.    On account of the officers' failure to present a warrant or obtain Plaintiff's consent to search his vehicle, Plaintiff's due process rights under the Fourth Amendment of the U.S. Constitution were violated.

10.    No part of any marijuana or the wrapping it was contained in was visible when the tank was sealed. The marijuana was only visible after the tank had been disassembled and removed from the truck bed. (Sergio Decl. at ¶ 8)

**Initial State Court Plea and Conviction**

11.    On September 30, 2008, an indictment was issued against Plaintiff as Case No. CR20080718 in the Navajo County Superior Court, State of Arizona (the "Action" or the "Indictment"). (Sergio Decl. at ¶ 9 and its **Exhibit 1**)

---

**COMPLAINT**

12.    Plaintiff hired Oscar Castaneda to defend him in the Action because he advertised himself as an expert in criminal and immigration matters on a Spanish-language radio station in Arizona.  Plaintiff hired him to represent him after hearing Mr. Castaneda's radio advertisement. (Sergio Decl. at ¶ 10)

13.    When Plaintiff met with Mr. Castaneda for the first time after Plaintiff hired him, Plaintiff advised Mr. Castaneda that he had not consented to the officers searching his car.  Mr. Castaneda ignored the statement, and he never raised it as a defense.  (Sergio Decl. at ¶ 11)

14.    On January 5, 2009, Plaintiff signed and entered into a Plea Agreement in the Action (the "Plea Agreement").  The Plea Agreement did not advise of the potential immigration consequences of a conviction.  (Sergio Decl. at ¶ 12 and its **Exhibit 2**)

15.    Prior to entering the plea, Plaintiff had asked his trial counsel Oscar Castaneda numerous times how a criminal conviction based upon a guilty plea under the Plea Agreement would impact his immigration status.  Trial counsel repeatedly assured Plaintiff that a conviction would not cause any issues for his immigration status.  Mr. Castaneda informed Plaintiff numerous times that he would not need to worry about immigration because Plaintiff was already a legal permanent resident.  (Sergio Decl. at ¶¶ 13-14)

16.    Following his guilty plea, on January 5, 2009, Plaintiff was convicted of transporting marijuana for sale, a non-dangerous, non-repetitive class two felony.  The trial court sentenced Plaintiff to five years of probation, and he was successfully discharged from probation in 2014.  (Sergio Decl. at ¶ 14 and its **Exhibit 2**)

17.    Plaintiff learned later Mr. Castaneda was a very new attorney when he took Plaintiff's case and that he had not yet done a criminal jury trial, and he had been admitted to practice law fewer than 16 months before Plaintiff's plea.  (Sergio

Decl. at ¶ 16 and its **Exhibit 3** containing Mr. Castanada's profile that appears on
the State Bar of Arizona's website.)

### Deportation Proceedings

18.    In December 2013, the U.S. Department of Homeland Security
("DHS") initiated proceedings to deport Plaintiff because of his criminal
conviction.

19.    Because the Immigration Court ruled in 2018 that Plaintiff's
conviction is an aggravated felony, he may be eligible for only one form of relief
from deportation, deferral of removal under the Convention Against Torture
("CAT")[1] under 8 CFR § 1208.17(a).  "If the immigration judge determines that the
alien is more likely than not to be tortured in the country of removal, the alien is
entitled to protection under the Convention Against Torture."  *See* 8 CFR
§ 1208.16(c)(4).  CAT protection is not discretionary, but the burden of proof for
such relief is very high burden.  8 C.F.R. § 1208.16(c)(2).

20.    Under a plea to a different charge, such as solicitation instead of
conspiracy, Plaintiff would not have been deemed an aggravated felon and would
be eligible for other much less burdensome relief from deportation.  Mr. Castaneda
never informed Plaintiff of any other possible pleas.  To Plaintiff's knowledge, Mr.
Castaneda did not discuss other options with the prosecutor.  (Sergio Decl. at ¶ 19)

21.    If Plaintiff had been aware of the severity of how a guilty plea under
the Plea Agreement would have affected his immigration status, he never would
have entered into the Plea Agreement.  (Sergio Decl. at ¶ 20)

///

///

---

[1] Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment
or Punishment, G.A. Res. 39/46, Annex, 39 U.N. GAOR Supp. No. 51, U.N. Doc.
A/39/51 (1984).

**COMPLAINT**

22.     Plaintiff did not receive adequate representation in the Action, and on account of his trial counsel's ineffective assistance, Plaintiff's due process rights under the Sixth Amendment of the U.S. Constitution were violated.

**Petitions for Post-Conviction Relief**

23.     Plaintiff retained Arizona attorney Kathryn Mahady to represent him in appealing his conviction. (Sergio Decl. at ¶ 21)

24.     Plaintiff filed a first petition for review on June 12, 2018, seeking post-conviction relief under Arizona Rule of Criminal Procedure Rule 33.1(a), (e) and (f), Ariz.R.Crim.P.,[2] because his trial counsel was ineffective when he advised Plaintiff incorrectly that a drug conviction would not impact Plaintiff's immigration status.

25.     Ms. Mahady filed two petitions for review with the Arizona Supreme Court.  The second petition, which was filed on April 28, 2022, and addresses the issues indicated in the first petition, is attached at **Exhibit 4** to the Sergio Decl. (the "Second Petition") (Sergio Decl. at ¶ 22)

26.     The Arizona Supreme Court denied the Second Petition on January 6, 2023.  A copy of the denial order issued, is attached at **Exhibit 5** to the Sergio Decl. (Sergio Decl. at ¶ 23)

27.     The trial court held an Evidentiary Hearing on February 27, 2019. Plaintiff testified that Castaneda informed him numerous times that his plea would not have any adverse impact on his immigration status.  Castaneda testified he has no memory of any conversations with Plaintiff.  (*See* excerpts of testimony at pgs. 4-6 of **Exhibit 4** to Sergio Decl.)

28.     The petition argued that the evidence of Plaintiff's trial counsel's ineffectiveness met the standard for newly discovered evidence, regarding which

---

[2] Plaintiff's petition cites to the previous version of Rule 32, which was in effect when he filed his petition.

Plaintiff could petition the trial court for relief more than ninety days after his conviction.

29.     Although the Second Petition raised the Sixth Amendment due process claims; however, the Supreme Court of Arizona denied the Second Petition on procedural grounds and failed to consider Plaintiff's due process claims.

## JURISDICTION AND VENUE

30.     This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201, *et seq.*, 28 U.S.C. § 1331, 28 USC § 2241 and 28 USC § 2254.  This action is timely under 28 U.S.C. § 2401.

31.     Venue is proper under 28 U.S.C. §1391(a) in that Plaintiff resides in this district.

## EXHAUSTION OF STATE COURT REMEDIES

32.     Plaintiff has fully, properly, and timely exhausted all applicable remedies available to him under the laws of the State of Arizona as required by 28 U.S.C. § 2254(b)(1).

33.     On April 28, 2022, Plaintiff filed a Second Petition for Review with the Supreme Court of the State of Arizona, which was denied on January 6, 2023. (Sergio Decl. at Ex. 5)

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 *et seq.*

34.     Plaintiff re-alleges each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

35.     The removal proceedings before the Immigration Court are solely based upon a conviction under the Plea Agreement that is constitutionally invalid on account that Plaintiff's due process rights were violated under the Fourth Amendment to the U.S. Constitution with respect to the unconsented and thus

unlawful search of his vehicle as stated and seizure as stated in Paragraphs 9-11, *supra*.

36.     Plaintiff's due process rights under the Sixth Amendment of the U.S. Constitution were violated by the ineffective assistance of counsel in connection with the Plea Agreement and said counsel's failure to advise Plaintiff of the immigration consequences of a guilty conviction under the Plea Agreement and also on account of said counsel's failure to raise the defense of an unlawful search of Plaintiff's vehicle and thus the unlawful seizure of marijuana found in Plaintiff's vehicle, both of which were violations of Plaintiff's due process rights under the Fourth Amendment of the U.S. Constitution.

37.     Said failures by Plaintiff's counsel constituted ineffective assistance of counsel, and a violation of Plaintiff's due process rights under the Sixth Amendment of the U.S. Constitution.

38.     The removal proceedings before the Immigration Court are solely based upon a conviction that is constitutionally invalid for the reasons set forth above.

39.     Plaintiff requests this Honorable Court to find the Plea Agreement and conviction of Plaintiff contrary to law, strike the conviction, and also order Defendants EOIR and Judge Rothschilds to terminate the deportation proceedings on account that the proceedings were commenced based upon the unconstitutional conviction under the Plea Agreement, and the Indictment which was based upon an unlawful search of Plaintiff's vehicle and on Plaintiff's subsequent unlawful arrest.

## SECOND CAUSE OF ACTION
## VIOLATION OF DUE PROCESS UNDER THE FOURTH AMENDMENT
## OF THE U.S. CONSTITUTION

40.     Plaintiff re-alleges each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

41.      Plaintiff's due process rights under the Fourth Amendment to the U.S. Constitution were violated by the state actors, the officers who searched his vehicle without consent or a warrant.  The officers found marijuana in the sealed and attached fuel tank that they dismantled and removed.  The discovery of marijuana was the fruit of the officers' unlawful search.  Thereafter, the officers arrested Plaintiff.

42.      Both the search of Plaintiffs' vehicle and his arrest were unreasonable under the circumstances for the foregoing reasons.

43.      Plaintiff has suffered an injury, a conviction for transportation of drugs under Arizona law, which has resulted in the removal proceedings instituted against Plaintiff and the Immigration Court finding the conviction to be an aggravated felony and that Plaintiff is not eligible for cancellation of removal.

## THIRD CAUSE OF ACTION

## VIOLATION OF DUE PROCESS UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION

44.      Plaintiff re-alleges each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

45.      As set forth above, Plaintiff's trial counsel Mr. Castaneda's performance in: (i) failing to raise the defense of an unlawful search and seizure in violation of Plaintiff's due process rights under the Fourth Amendment; and (ii) failing to advise Plaintiff of the immigration consequences of Plaintiff's pleading guilty under the Plea Agreement were so seriously deficient that Mr. Castaneda was not acting as Plaintiff's counsel, and failures as described above denied Plaintiff his Sixth Amendment guarantee to counsel.

46.      Mr. Castanada's lack of proper performance of his duties to Plaintiff prejudiced Plaintiff's defense and deprived him of the right to a fair hearing. Plaintiff's signing the Plea Agreement and agreeing to a plead guilty thereunder

was not a knowing decision as counsel failed to raise the defense of unlawful search and seizure.  Furthermore, Plaintiff was entirely unaware of the immigration consequences of the plea.

47.   Had it not been for Mr. Castanada's deficient performance, the result of the sentencing would have been different, and Plaintiff would not have agreed to the terms of the Plea Agreement and would not have pled guilty thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff in this action and against the Defendants as follows:

a)   To enter judgement in the favor of Plaintiff against the Defendants, finding the Plea Agreement and related conviction was entered in violation of law and further that the removal proceedings were commenced on the basis of the violations of Plaintiff's due process rights and thus invalid.

b)   To enter judgement in favor of Plaintiff against the Defendants and order the Defendants to pay to Plaintiff all attorney fees and costs incurred herein.

c)   For all such other and further relief as the Court deems proper as law and justice may require and may be appropriate.

Dated:  January 18, 2023          Respectfully Submitted,

LAW OFFICES OF MICHAEL L. TUSKEN

By: _____
          MICHAEL L. TUSKEN
          Attorney for Plaintiff

**COMPLAINT**